DENNIS WAYNE PLATTS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Platts v. Commissioner
Docket No. 1800-94
United States Tax Court
T.C. Memo 1995-366; 1995 Tax Ct. Memo LEXIS 371; 70 T.C.M. (CCH) 303; August 7, 1995, Filed *371 An appropriate order will be issued granting respondent's motion to dismiss, and decision will be entered for respondent. For petitioner: James C. Underhill, Jr.
For respondent: Virginia L. Hamilton. FAY
FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: This case is before the Court on respondent's Motion to Dismiss for Failure to Properly Prosecute under Rules 104 [1] and 123(b) and to impose a penalty under section 6673. Respondent requests that this Court (1) dismiss petitioner's case for failure to properly prosecute the issues on which petitioner has the burden of proof, (2) sustain the determinations of respondent, and (3) impose a penalty under section 6673. By notice of deficiency dated November 3, 1993, respondent determined deficiencies in and additions to petitioner's Federal income tax in the *372 following amounts: Additions to Tax
Sec.
Sec.
Year
Deficiency
6651(a)(1)
6654
1987
$ 2,039
$ 110
$ 103
1988
12,051
2,845
771
1989
1,931
483
126
1990
2,024
506
128
1991
1,999
500
107
After petitioner's concessions, the sole issue for decision is whether a penalty should be imposed against petitioner under section 6673. We hold that a penalty should be so imposed. FINDINGS OF FACT After receiving the notice of deficiency, petitioner timely filed a petition. Petitioner resided in Morrison, Colorado, at the time he filed his petition. Thereafter, petitioner filed a motion for summary judgment (which we denied) and an accompanying brief. The brief contains tax protester allegations in which petitioner alleges, among other things, that earnings from labor are not taxable and that he, therefore, is not required to pay income taxes. During the pretrial period, petitioner failed to meet with respondent to exchange information and to stipulate mutually agreeable facts as required by Rule 91. Additionally, petitioner's responses to respondent's interrogatories were evasive, unresponsive, and incomplete and contained tax protester type arguments. On *373 September 26, 1994, this case was called for trial in Denver, Colorado. At trial, petitioner conceded that he earned compensation in the years in question yet maintained that it is not taxable income. Petitioner failed to offer any evidence to advance his case, documentary or testimonial; instead, he continued to pursue the tax protester arguments. After the trial, petitioner changed his mind. Petitioner hired an accountant to prepare and file his delinquent returns. Petitioner hired an attorney, who prepared and filed a brief on behalf of petitioner, wherein petitioner concedes that he failed to properly prosecute his case and that his case should be dismissed. Petitioner also concedes that the determinations in the notice of deficiency should be upheld. However, petitioner disputes the applicability of section 6673 and contends that the penalty is not warranted in this case. Petitioner contends that he had been brainwashed so that, at the time he filed his petition, he "sincerely believed in the validity of the 'tax protester' arguments that he asserted, having been convinced of their validity by experienced and highly persuasive confidence artists." OPINION Following petitioner's *374 concession that his case should be dismissed and that respondent's determinations should be sustained, the sole issue remaining is whether respondent is entitled to an award of a penalty under section 6673. Section 6673 provides that the Court may award a penalty to the United States of up to $ 25,000 when the proceeding has been instituted or maintained by the taxpayer primarily for delay or if the taxpayer's position in such proceeding is frivolous or groundless. Petitioner's arguments from the time he filed his petition through the date of trial were no more than stale tax protester contentions long dismissed summarily by this Court and all other courts that have heard such contentions. See ; . Based on well-established law, petitioner should have known that his position was frivolous and groundless. The record in this case convinces us that petitioner was not interested in disputing the merits of either the deficiencies in income tax or the additions to tax determined by respondent in the notice of deficiency. Rather, *375 the record demonstrates that petitioner regarded this case as a vehicle to protest the tax laws of this country. We are also convinced that petitioner instituted and maintained this proceeding primarily, if not exclusively, for purposes of delay. Having to deal with this matter wasted the Court's time, as well as respondent's. Moreover, taxpayers with genuine controversies were delayed. See . We do, however, take into consideration petitioner's belated, posttrial attempts to comply with the tax laws. We view with some skepticism petitioner's claims that he had been brainwashed by a tax protester group. However, we have seen documents similar to those submitted by petitioner before in other cases, and we recognize the documents submitted by petitioner as the product of a tax protester group. In view of the foregoing, we will exercise our discretion under section 6673 and require petitioner to pay a penalty to the United States in the amount of $ 1,500. To reflect the foregoing, An appropriate order will be issued granting respondent's motion to dismiss, and decision will be entered for respondent *376 . Footnotes
1. All Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code in effect for the taxable years in issue, unless otherwise indicated.↩